GRAVES, J.,
Concurring in Part and Dissenting in Part:
¶ 19. I dissent from the majority specifically on the point that allowing one religious group to conduct their own religious services while not allowing another religious group to do so appears to violate the equal protection clause of the Constitution.
¶ 20. The Equal Protection Clause of the Fourteenth Amendment provides that “[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws.” U.S. Const, amend. XIV, § 1. The Clause “does not take from the States all power of classification,” Personnel Adm’r v. Feeney, 442 U.S. 256, 271, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979), but “keeps governmental decision makers from treating differently persons who are in all relevant respects alike.” Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). See also City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (holding that the Equal Protection Clause “is essentially a direction that all persons similarly situated should be treated alike”).
¶ 21. I think it is illogical to find that the prohibition against inmates leading their own services serves a legitimate pe-nological interest when it is applied arbitrarily. In other words, if the prison allows members of the Muslim religion to conduct their own services, then the prison should allow members of the Christian faith to conduct their own services. For this reason, I respectfully dissent.
PITTMAN, C.J., McRAE, P.J., AND EASLEY, J., JOIN THIS OPINION.